**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)  LENLIE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. **CIV-16-1095-C** |
| | ) |
| (1)  CURTIS   1000   INC.,   a   foreign | ) |
| corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Lenlie Foster, and by and through her counsel of record, SONNE LAW FIRM, PLC, respectfully files this Complaint setting forth her claims against Defendant Curtis 1000 Inc. as follows:

### THE PARTIES

1.     The Plaintiff, Lenlie Foster ("Plaintiff" or "Foster"), is an individual adult resident of Oklahoma County, Oklahoma.

2.     The Defendant Curtis 1000, Inc. is a foreign corporation headquartered in Georgia but operating business within the State of Oklahoma.

### JURISDICTION AND VENUE

3.     This civil action arises out of the termination of Plaintiff's employment with Defendant because of her age as part of an alleged reduction in force and is based on the following claims: age discrimination in violation of the Age Discrimination in Employment Act of 1967 (as amended) ("ADEA"), 29 U.S.C. § 621, *et. seq.,* and the

1

Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1101 *et. seq.*

4.      The Court has jurisdiction over Plaintiff's federal claim and is vested in this Court pursuant to 28 U.S.C. § 1331.   The Court has supplemental jurisdictional over Plaintiff's corresponding state law claim pursuant to 28 U.S.C. § 1367(a) as it arises out of the same core of operative facts as Plaintiff's federal claim.

5.      Plaintiff has exhausted her administrative remedies by submitting a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 5, 2016.   Plaintiff received her Dismissal and Notice of Right to Sue from the EEOC dated on or about July 18, 2016, and has timely filed this action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

6.      Defendant is a national printing, marketing, and promotional company that services clients and otherwise operates business within Oklahoma.  Its registered agent for service of process in Oklahoma is The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.  Many of the acts complained of occurred in or around Oklahoma County, State of Oklahoma, which is located within the Western District of Oklahoma. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7.      Defendant has more than 20 employees and is a covered entity under the ADEA.  There is no minimum employee requirement to be liable under the OADA.

## GENERAL ALLEGATIONS

8.      Plaintiff is an adult female who was over the age of forty (40) at all times relevant to this action.

9.      On or about September 2000, Plaintiff began her employment with the

Defendant as a salesperson with a very small territory.  Over the next 15 years, Plaintiff successfully grew her territory and built strategic relationships with many different companies, including MidFirst Bank, in her sales territory and within Oklahoma.

10.     During the course of her employment, Plaintiff received numerous awards from Defendant for her success in sales and received outstanding reviews for her job performance throughout her employment with Defendant.  Plaintiff gained the trust and confidence of customers and helped grow and build Defendant's business in the sales territory in which Plaintiff worked.

11.     As a result of Plaintiff's education, training, and vast experience in sales, Plaintiff was well qualified for the position she held while employed by the Defendant and she performed her job duties more than satisfactory at all times employed by the Defendant.

12.     In September 2014, Plaintiff discussed resigning from Defendant due to repeated concerns and performance issues from the operations centers to meet Plaintiff's customer needs.  Defendant discussed with the Plaintiff the idea of staying on as a company store/promotional representative to build the promotional products division as part of a new initiative.  Plaintiff agreed to split her current sales territory and take on the promotional store initiative as well.  Plaintiff gave her largest account, MidFirst Bank, to a new employee, who was and is under the age of 40.  This younger employee was actually recommended by the Plaintiff for the position to take the other half of Plaintiff's sales territory.  Plaintiff maintained her other clients with half of her sales territory and began work on this new promotional initiative.

3

13.     On or about October 28, 2015, Plaintiff was informed by her sales manager, Tom McCleery, that due to a reduction in the sales force, Plaintiff's position and employment with Defendant would be eliminated. The next day, Plaintiff was informed via email that McCleery would be coming to Oklahoma City to pick up Plaintiff's computer and other materials and requested that Plaintiff meet with McCleery and the new younger employee recently hired by Defendant to go over Plaintiff's job, territory, and clients.   At this point, Plaintiff realized that Defendant was terminating her employment, a long-time, successful employee, yet keeping this new, younger employee to take over Plaintiff's sales territory in its entirety.

14.     On or about November 6, 2015, Plaintiff was officially terminated from her employment with Defendant under an alleged reduction in force.   Plaintiff's sales territory was given to the recently hired employee who was younger than Plaintiff and is under the age of 40.

15.     At the time of this termination of employment, Plaintiff was well-qualified for this same position, had actually worked over the course of many years to build and maintain this particular sales territory, and had greater experience and customer relationships than the younger employee retained by the Defendant.

16.      Thus, despite Plaintiff's experience, qualifications, customer relationships, and previous work for the Defendant, Defendant fired Plaintiff and instead retained a newly hired employee who was much younger than the Plaintiff.  At the least, Plaintiff's termination was motivated by her age.

17.     As a direct and proximate result of Defendant's actions, Plaintiff has

suffered and continues to suffer, lost wages (including back pay and front pay and certain value of benefits lost and associated with such wages) and emotional distress and dignitary harm including stress, embarrassment, and frustration.   Indeed, despite terminating Plaintiff's employment after 15 years of dedicated and successful work for the Defendant, Defendant nonetheless threatened Plaintiff and demanded compliance by Plaintiff with an overly restrictive and burdensome non-compete agreement that severely damaged Plaintiff's job prospects and earning ability.

### COUNT I: VIOLATION OF ADEA/OADA AGAINST DEFENDANT

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

18.     The matters alleged above constitute violations of the ADEA and OADA in the form of age discrimination for the Defendant's termination of Plaintiff's employment under the alleged reduction in force.

19.     Plaintiff is entitled to relief under the ADEA and OADA because, at all times relevant to this action, she was over the age of forty (40), was qualified for the sales position, had more longevity, seniority, and experience than a retained younger employee under the age of 40, was terminated due to her age, and the position was filed by a younger person under the age of 40.

20.     As damages, Plaintiff has suffered lost earnings (past and future), and other equitable and compensatory damages allowed by the ADEA and ODEA.

21.     Willfulness is not required to recover liquidated damages under the OADA, however such discriminatory actions by Defendant were a willful violation of Plaintiff's

rights.  Because the actions of the Defendant were willful, malicious, or, at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A.  Actual and compensatory damages, and any other remedy, in amounts to be proven at trial but in excess of $75,000.00;

    B.  For pre and post-judgment interest on such damages;

    C.  For costs and attorney's fees;

    D.  Liquidated damages for Defendant's intentional, willful, and/or reckless conduct;

    E.  For such other relief as this Court deems equitable and appropriate or allowed by law.

        Respectfully Submitted:

        *s/Blake Sonne*
        Blake Sonne, OBA #20341
        SONNE LAW FIRM, PLC
        P.O. Box 667
        Norman, Oklahoma 73070
        (405) 664-2919
        (405) 872-8897 (fax)
        **ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**